**Entered on Docket**
**October 18, 2007**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

FILED

OCT 1 6 2007

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-51596-ASW |
| David Maurice Craighead, | Chapter 13 |
| Debtor. | |

MEMORANDUM DECISION
DISMISSING CASE WITH REFILING BAR

Before the Court are the motions of the United States Trustee ("UST") and the Chapter 13 Trustee ("Trustee") to dismiss the bankruptcy case of Debtor David Maurice Craighead ("Debtor") with a five-year refiling bar (collectively, "Motions"). The Motions were filed on June 11, 2007. The UST is represented by Shannon L. Mounger-Lum, Esq. Trustee is represented by E. Alexandra DeLateur, Esq. Debtor is appearing in *propria* *persona*. A hearing on the Motions was held on July 9, 2007. Instead of responding on the merits, Debtor faxed to this Court a document entitled *Objection to Illegal Motion by the US Trustee and Request for Dismissal*

Case: 07-51596   Doc# 30   Filed: 10/16/07   Entered: 10/18/07 07:36:20   Page 1 of 17

("Objection") on July 8, 2007, the day before the hearing.[1]  The

Objection was faxed to the UST and the Trustee on July 8, 2007 and

served by mail on the same day on the Internal Revenue Service.

The Objection was filed with the Court on July 11, 2007.  Debtor

did not appear at the hearing.  At the request of the Court at the

July 9, 2007 hearing, the UST and Trustee filed supplemental briefs

in support of the Motions on July 19, 2007.

This Memorandum Decision constitutes the Court's findings of

fact and conclusions of law, pursuant to Rule 7052 of the Federal

Rules of Bankruptcy Procedure.  After consideration of the Motions,

the Objection and the supplemental briefs, and based on the

evidence before the Court, the Court dismisses Debtor's bankruptcy

case with a three-year refiling bar.

I.

FACTS

Debtor filed a voluntary Chapter 13 petition on May 29, 2007.

This case was a skeleton filing -- Debtor did not file any

schedules, a Statement of Financial Affairs, a Means Test form, or

a Chapter 13 plan.  Debtor also filed a request to pay the filing

---

[1] While Debtor's Objection requested immediate dismissal of his bankruptcy case, dismissal was not granted at the time.  Bankruptcy Code § 1307(b) permits dismissal of a bankruptcy case at any time on the request of a debtor if a case has not been previously converted.  Per Bankruptcy Rule 1017, such a request "shall be on motion filed and served as required by Rule 9013." Fed. R. Bankr. P. 1017(f)(2).  This Court did not construe Debtor's Objection as such a motion, and Debtor's bankruptcy request has not yet been dismissed.

Even if this Court had construed Debtor's Objection as a proper motion to dismiss his bankruptcy case under Bankruptcy Rule 1017(f)(2), this Court could have dismissed Debtor's bankruptcy case in July and retained jurisdiction to determine the request of the UST and the Trustee for a five-year re-filing bar. In re Lawson, 156 B.R. 43, 45-46 (9th Cir. BAP 1993).

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

fee in installments. The Court issued an order to show cause re

dismissal on May 30, 2007, for Debtor's failure to file a

Chapter 13 plan, schedules, a Statement of Financial Affairs, and a

Means Test form. As noted above, the Motions were filed on

June 11, 2007.

On June 13, 2007, Debtor filed a Chapter 13 plan and also

requested a 45-day extension to file additional documents. On

June 27, 2007, this Court granted Debtor's request for an

additional 45 days from July 13, 2007, to file the additional

documents. Debtor failed to appear at his Section 341 meeting of

creditors on July 2, 2007. The Section 341 meeting of creditors

was continued to July 16, 2007.

Previously, on March 26, 2007, Debtor had filed another

skeletal chapter 13 case -- In re David Maurice Craighead, 07-

50856-ASW. Debtor also requested to pay the filing fee in

installments in that case. Debtor's prior case was dismissed

pursuant to the Court's Order to Show Cause on May 17, 2007,

following Debtor's failure to file schedules, a Statement of

Financial Affairs, and a Means Test Form. Debtor filed the current

case twelve days after the dismissal of his prior case.

The UST and Trustee argue that Debtor's actions are part of a

concerted effort by his family to prevent a foreclosure of real

properties located at 7871 Prestwick Circle, San Jose, California

("Prestwick Property"), and 7119 Via Portada, San Jose, California

("Via Portada Property"). The UST and Trustee contend that this

bankruptcy petition is a continuation of the numerous transfers of

real property and incomplete bankruptcy filings that have been

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

3

1  generated by the Craighead family and Robert Helwig[2] since 1998.

2  Debtor, Debtor's father Carlton Craighead, Debtor's mother Patricia

3  Craighead, Debtor's brother Peter Craighead, and Robert Helwig have

4  collectively filed at least twenty-two bankruptcy cases since

5  1998.[3]

6      Of the twenty-two bankruptcy cases, six have been filed by

7  Debtor.  Of the six cases filed by Debtor, five were dismissed

8  prior to confirmation and the sixth is the current case.  A chart

9  of the various bankruptcy filings -- including whether the filings

10  were skeletal and whether the respective debtors requested that the

11  filing fees be paid in installments -- and the disposition of each,

12  is set forth in the chart below.  The six cases filed by Debtor are

13  denoted by gray shading:

14  ///

15  ///

16  ///

17

18

19

20

21

22

23

24

25

---

26      [2] The Court has no information as to how, if at all, Robert Helwig is related to the Craighead

27  family.

28      [3] The Court takes judicial notice of all the filings pursuant to Fed. R. Evid. 201, made
applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

4

| | Ch | Case no. | Petition Date | Debtor | Type | Disposition |
|---|---|---|---|---|---|---|
| 1 | 13 | 98-59147 ASW | 11/12/98 | Carlton Craighead | Skeletal | Dism 12/15/98 -- no docs |
| 2 | 13 | 98-60170 JRG | 12/22/98 | Carlton Craighead | Skel/install | Dism 7/29/99 -- pre-conf |
| 3 | 13 | 99-54519 JRG | 07/02/99 | Robert Helwig | Skel/install | Dism 12/9/99 -- pre-conf |
| 4 | 7 | 99-54640 MM | 07/08/99 | Carlton Craighead | Skeletal | Discharge order 11/12/99 |
| 5 | 13 | 99-57750 JRG | 12/06/99 | Robert Helwig | Skel/install | Dism 6/12/00 -- pre-conf |
| 6 | 13 | 01-51763 JRG | 04/09/01 | Robert Helwig | Skel/install | Dism 8/10/01 -- pre-conf |
| 7 | 13/7 | 01-54572 JRG | 09/19/01 | Carlton Craighead | Skeletal | Discharge order 12/13/05 |
| 8 | 13 | 02-55558 ASW | 10/01/02 | Peter Craighead | Skel/install | Dism 11/6/02 -- no docs |
| 9 | 13 | 02-55569 ASW | 10/02/02 | David Craighead | Skel/install | Dism 11/13/02 -- no docs |
| 10 | 13 | 02-56751 ASW | 11/26/02 | Peter Craighead | Skel/install | Dism 1/24/03 -- no docs |
| 11 | 13 | 03-50057 ASW | 01/06/03 | David Craighead | Skel/install | Dism 2/10/03 -- no docs |
| 12 | 13 | 03-50971 ASW | 02/14/03 | Peter Craighead | Skel/install | Dism 4/10/03 -- no docs |
| 13 | 13 | 03-52383 ASW | 04/11/03 | David Craighead | Skel/install | Dism 5/22/03 -- no docs |
| 14 | 13 | 03-53805 JRG | 06/11/03 | David Craighead | Install | Dism 7/25/03 -- pre-conf |
| 15 | 13 | 03-54164 JRG | 06/28/03 | Peter Craighead | Skel/install | Dism 9/28/04 w/ 60 mo bar |
| 16 | 13 | 03-55846 JRG | 09/10/03 | Peter Craighead | Skel/install | Dism 10/10/03 -- no docs |
| 17 | 13 | 06-51924 RLE | 09/27/06 | Peter Craighead | Skel/install | Dism 9/29/06 -- no docs |
| 18 | 13 | 06-52226 RLE | 11/01/06 | Patricia Craighead | Skel/install | Dism 11/20/06 -- no docs |
| 19 | 13 | 06-52419 RLE | 11/28/06 | Patricia Craighead | Skel/install | Dism 6/17/07 w/ 24 mo bar |
| 20 | 13 | 07-50856 RLE | 03/26/07 | David Craighead | Skel/install | Dism 5/17/07 -- no docs |
| 21 | 13 | 07-51108 ASW | 04/18/07 | Patricia Craighead | Skel/install | Dism 6/9/07 -- no docs |
| 22 | 13 | 07-51596 ASW | 5/29/07 | David Craighead | Skel/install | Pending |

The UST asks the Court to take judicial notice of the *Objection to Motion to Dismiss and 2-year Bar to Re-filing* ("Objection to Two-Year Bar") filed on March 23, 2007, by Patricia Craighead, appearing in propria persona in In re Patricia Craighead, 06-52419-ASW. Debtor did not oppose the UST's request. The Court takes judicial notice pursuant to Fed. R. Evid. 201, made applicable to

1 bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017. Fed. R.

2 Evid. 201 allows the Court to take judicial notice of its own

3 records and proceedings. This judicial notice encompasses notice

4 of the cases filed in the Court, the dockets of those cases, and

5 the documents filed therein. The Objection to Two-Year Bar

6 directly addresses the serial filings by members of the Craighead

7 family and Robert Helwig and was filed in response to a similar

8 motion to dismiss with a filing bar filed by the UST approximately

9 two months before David Craighead filed the instant case. Based on

10 the similarity of the issues, the closeness in time, and the fact

11 that Debtor has failed to respond on the merits of the Motions, the

12 Court takes judicial notice of the Objection to Two-Year Bar. The

13 Objection to Two-Year Bar provides the background of transfers and

14 bankruptcy filings.

15     In her Objection to Two-Year Bar, Patricia Craighead stated

16 that: "All the filings in question were done to protect two real

17 properties from foreclosure: 7119 Via Portada, San Jose, CA, the

18 personal residence of Debtor [Patricia Craighead] and Debtor's

19 spouse [Carlton Craighead], and 7871 Prestwick Cir, San Jose, CA,

20 an 1891 historic mansion that the Debtor's spouse has been trying

21 to renovate and preserve since April, 1995." Objection to Two-Year

22 Bar at 1:25-2:2. The Objection to Two-Year Bar also stated that

23 the "[d]ebtor strongly believes her *civil rights to use the federal*

24 *bankruptcy laws to save her personal residence* are being abridged

25 and violated by the U.S. Trustee's motion to dismiss and bar to re-

26 filing." (Emphasis added). Objection to Two-Year Bar at 2:3-5.

27 The Objection to Two-Year Bar also explains that: (1) the nine

28 bankruptcies filed from July 2, 1999 to February 14, 2003 (Numbers

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

1   3 -12 in the table above) were filed to protect the Prestwick

2   Property; (2) Debtor [David Craighead] purchased the Via Portada

3   Property for his parents in approximately the year 2000; and

4   (3) the bankruptcies filed from April 11, 2003 to November 28, 2006

5   (Numbers 13-19 in the table above) were filed to save the Via

6   Portada Property.

7       Since 1997, the Prestwick Property has been transferred between

8   and among Robert Helwig, Evonne Helwig, Carlton Craighead, Peter

9   Craighead, Theodore Gallis, and Debtor.  Carlton Craighead and

10   Peter Craighead currently hold title to the Prestwick Property as

11   tenants in common.  Since 2001, the Via Portada Property has been

12   transferred between and among Peter Craighead, Patricia Craighead,

13   Carlton Craighead, Robert Helwig, and Debtor.  Robert Helwig

14   currently holds title to the Via Portada Property.

15       The UST provided the Court with a declaration of Shannon L.

16   Mounger-Lum and a transcript of a deposition of Carlton Craighead,

17   taken during one of his personal bankruptcy cases on April 8, 2002

18   in In re Carlton Craighead, 01-54572-ASW.  The Court takes judicial

19   notice of the deposition transcript pursuant to Fed. R. Evid. 201,

20   made applicable to bankruptcy proceedings pursuant to Fed. R.

21   Bankr. P. 9017.  The deposition was taken under oath and discussed

22   how and why Debtor briefly held title to the Prestwick Property

23   from June 30, 2000 to September 19, 2001.

24       In his deposition, Carlton Craighead testified that he and

25   various parties transferred property to each other for no

26   consideration and for the express purpose of filing bankruptcy so

27   as to prevent foreclosure on properties whose mortgages were

28   delinquent.  Specifically, Carlton Craighead testified as follows:

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

1    Q: So when you were Grant Deeded the 977 and 979 Prevost,
     did you pay money or any other kind of consideration for
2    that property?

3    A: No, I didn't.  I didn't pay any consideration.  Like I
     said, it was a move to save this thing from going into
4    foreclosure. . . .  I took it because I knew I was going to
     file bankruptcy so that was going to at least hold that up
5    until we could sort out what we were going to do.

6    Deposition of Carlton Bertram Craighead dated April 8, 2002 at

7    22:5-18.  At another point in the deposition, Carlton Craighead

8    testified that Debtor came to own the Prestwick Property because

9    the purchasers of the Prestwick Property -- Robert and Evonne

10   Helwig -- fell behind in the payments and filed for Chapter 13.

11   Carlton Craighead testified that Evonne quitclaimed the Prestwick

12   Property to Robert -- and Robert Helwig subsequently transferred

13   the Prestwick Property to Debtor by grant deed.  The deed granting

14   the property to Debtor was recorded on June 30, 2000.  Debtor

15   received a second loan on the Prestwick Property since Robert

16   Helwig could not qualify for a loan after filing his chapter 13

17   bankruptcy petition.  According to Carlton Craighead, Debtor never

18   paid any money for the acquisition of the Prestwick Property.  When

19   the Prestwick Property went into default in August of 2001, Debtor

20   executed a grant deed to transfer the property to Carlton Craighead

21   without any consideration so Carlton Craighead could then file for

22   bankruptcy.  The grand deed to Carlton Craighead was recorded on

23   September 19, 2001.  Id. at 36:16 - 37:21; 40:10 - 41:23.

24        Debtor, Robert Helwig, Carlton Craighead, Peter Craighead, and

25   Patricia Craighead have all listed the Prestwick Property as their

26   residence on all seventeen of their bankruptcy petitions from

27   April 9, 2001 to the current petition on May 29, 2007 (Numbers 6 -

28   22 in the chart above).  Even though Debtor listed the Prestwick

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

8

1   Property as his residence, an internal investigation by the UST

2   (uncontested by Debtor) indicates that Debtor's likely current

3   address is in Rancho Cucamonga, California -- not San Jose.

4   Declaration of Brian M. Martinson filed in support of the Motion by

5   the UST, ¶ 5.

6       There is already a 60-month refiling bar against Debtor's

7   brother Peter Craighead imposed on September 28, 2004 in In re

8   Peter Craighead, 03-54164-JRG.  There is also a 24-month refiling

9   bar against Debtor's mother Patricia Craighead, imposed on June 17,

10  2007 in In re Patricia Craighead, 06-52419-ASW.

11

12                                    II.

13                            ANALYSIS

14      In the Ninth Circuit, bad faith constitutes cause for dismissal

15  of a Chapter 13 case under § 1307(c) and constitutes cause for

16  dismissal with prejudice under § 349(a).  In re Leavitt, 171 F.3d

17  1219, 1224 (9th Cir. 1999).  Section 349(a) of the Bankruptcy Code

18  states:

19        Unless the court, for cause, orders otherwise, the
          dismissal of a case under this title does not bar the

20        discharge, in a later case under this title, of debts that
          were dischargeable in the case dismissed; nor does the

21        dismissal of a case under this title prejudice the debtor
          with regard to the filing of a subsequent petition under

22        this title, except as provided in section 109(g) of this
          title.

23

24      The phrase "[u]nless the court, for cause, orders otherwise" in

25  Section 349(a) authorizes the bankruptcy court to dismiss the case

26  with prejudice.  Leavitt, 171 F.3d at 1223.  See also In re Tomlin,

27  105 F.3d 933, 937 (4th Cir. 1997).  "Cause" for dismissal under

28  § 349 is not specifically defined in the Bankruptcy Code.  For

1  Chapter 13 cases, Bankruptcy Code sections 1307(c)(1) through (10)

2  provide that the bankruptcy court may convert or dismiss, depending

3  on the best interests of the creditors and the estate.  Leavitt,

4  171 F.3d at 1224.  Bad faith can constitute cause for dismissal

5  under § 1307(c).  Id.  Bad faith is determined by the totality of

6  the circumstances including the repeated filing of bankruptcy

7  petitions without the balance of the schedules and plan.  In re

8  Stobber, 193 B.R. 5 (Bankr. D. Ariz. 1996); In re Warren, 89 B.R.

9  87 (9th Cir. BAP 1998).

10      Leavitt is the leading Ninth Circuit case on dismissal with

11  prejudice.  Leavitt sets forth certain factors to be considered in

12  dismissing a case with prejudice:

13      Bad faith, as cause for the dismissal of a Chapter 13
        petition with prejudice, involves the application of the
14      "totality of the circumstances" test.  The bankruptcy court
        should consider the following factors: (1) whether the
15      debtor "misrepresented facts in his [petition or] plan,
        unfairly manipulated the Bankruptcy Code, or otherwise
16      [filed] his Chapter 13 [petition or] plan in an inequitable
        manner,"; (2) "the debtor's history of filings and
17      dismissals,"; (3) whether "the debtor only intended to
        defeat state court litigation,"; and (4) whether egregious
18      behavior is present.  (Citations omitted).

19  Id. at 1224.

20      Courts generally hold that when a debtor repeatedly files

21  bankruptcy petitions and then repeatedly fails to file schedules or

22  to comply with other requirements, this pattern of behavior is

23  evidence of bad faith and an attempt to abuse the system.

24  Walker v. Stanley, 231 B.R. 343 (N.D. Cal. 1999).  The Court can

25  determine that a debtor filed a case in bad faith based on a

26  pattern of conduct, and may impute bad faith from the timing and

27  circumstances of the filings.  Walker, 231 B.R. at 349; In re

28  Eisen, 14 F.3d 469, 470 (9th Cir. 1994); In re Huerta, 137 B.R.

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

356, 367 (Bankr. C.D. Cal. 1992). Once the issue of bad faith is raised, it is the debtor's burden to prove his good faith. <u>In re Leavitt</u>, 209 B.R. 935, 940 (9th Cir. BAP 1997), <u>aff'd</u>, 171 F.3d 1219 (9th Cir. 1999) (citing <u>In re Powers</u>, 135 B.R. 980, 997 (Bankr. C.D. Cal. 1991)) ("<u>Leavitt II</u>").

Debtor's position is that all the bankruptcy filings were all legal and there was never a finding of bad faith.[4] Debtor also seems to object to imputing the bankruptcy filings of other family members to Debtor. The UST and Trustee contend that Debtor and other family members have filed multiple bankruptcy cases in bad faith in an effort to hinder or delay creditors.

The Court finds that there is sufficient evidence to consider the multiple bankruptcy filings by Debtor and Debtor's family and Robert Helwig[5] in determining the totality of the circumstances regarding Debtor's bad faith. Various courts in similar circumstances have considered the filings and acts of family members and other real property titleholders when determining bad faith of a debtor. <u>See</u> <u>In re Kinney</u>, 51 B.R. 840, 845 (Bankr. C.D. Cal. 1985) (finding that the actions of each family member in filing multiple bankruptcies could be imputed to the rest of the family for purposes of determining abuse of the bankruptcy system); <u>see also</u> <u>In re Feldman</u>, 309 B.R. 422, 427 (Bankr. E.D.N.Y. 2004) (imputing the non-filing spouse's prior abusive filings to the

---

[4] The Objection filed by Debtor the day before the hearing states in relevant part that: "<u>All the filings were 100% legal. All the real property transfers were 100% legal. Not one law was broken, and in all cases, there was never a finding of bad faith.</u>" (Emphasis in original). Objection at 2:14-16.

[5] The Court would find bad faith on Debtor's part whether or not Robert Helwig is a family member or had even filed for bankruptcy.

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

debtor in determining that the debtor's first case was filed in bad faith); <u>In re Wong</u>, 30 B.R. 87, 89 (Bankr. C.D. Cal. 1983) (considering husband and wife's separate filings to determine abuse of the bankruptcy system).

Robert Helwig, Carlton Craighead, Peter Craighead, Patricia Craighead, and Debtor have filed seventeen bankruptcy petitions since 2001 using the Prestwick Property address as their residence. The evidence before this Court is that the Prestwick Property is a renovation project to restore a historic house, and that none of the above-named individuals who filed for bankruptcy actually resided in the property.

This bankruptcy petition appears to have been filed to prevent a foreclosure of the Prestwick Property and/or Via Portada Property. Although Debtor does not hold title to either of the properties and the evidence submitted by the UST shows that Debtor does not live at either of the real properties, Debtor <u>listed</u> the Prestwick Property as his residence in the instant case, as Debtor, Robert Helwig, Carlton Craighead, Peter Craighead, and Patricia Craighead had each done in the previous sixteen bankruptcy petitions.

Furthermore, Carlton Craighead testified under oath that he and various parties transferred property to each other for no consideration for the express purpose of filing bankruptcy and preventing foreclosures on properties. Carlton Craighead also testified that a deed to the Prestwick Property was granted to Debtor from Robert Helwig on June 30, 2000, and transferred again to Carlton Craighead on September 19, 2001 for the purposes of filing bankruptcy. According to the testimony, this transfer

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1 occurred only to have Carlton Craighead file for bankruptcy because

2 Debtor refused to file for bankruptcy.  Carlton Craighead filed a

3 skeletal petition on September 19, 2001, in <u>In re Carlton</u>

4 <u>Craighead</u>, 01-54572-JRG.

5      Patricia Craighead also stated in her Objection to Two-Year Bar

6 that all the bankruptcy filings in question were done to protect

7 the Via Portada and Prestwick Properties from foreclosure.  The

8 Objection to Two-Year Bar implies that Patricia Craighead is under

9 the misconception that there is an inherent civil right to use the

10 bankruptcy laws to file multiple bankruptcy cases in order to save

11 one's personal residence.[6]  That is simply not the law.

12      This is the twenty-second bankruptcy case filed by this family

13 and Robert Helwig since 1998.  None of the twenty Chapter 13 cases

14 has resulted in a confirmed plan, and all but one of the filings[7]

15 were skeletal filings.  The various debtors applied to pay the

16 filing fee in installments in nineteen of the twenty-two cases.

17 Only Carlton Craighead's chapter 7 cases were completed by the

18 issuance of a discharge.  The family members and Robert Helwig have

19 managed to impose an automatic stay on creditors by filing multiple

20 and serial bankruptcy petitions for over eight years.  The UST and

21 Trustee have had to expend significant resources monitoring and

22 litigating the dismissal of those cases.

23      Even without considering the multiple bankruptcy filings of

24 Debtor's other family members, there is sufficient cause to find

25

26     [6] "Debtor strongly believes her *civil rights to use the federal bankruptcy laws to save her*

27 *personal residence* are being abridged and violated by the U.S. Trustee's motion to dismiss and bar
to re-filing." (Emphasis added).  Objection to Two-Year Bar at 2:3-5.

28

    [7] <u>In re David Craighead</u>, 03-53805-JRG.

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

bad faith based solely on the actions of Debtor alone. Under the

totality of circumstances test under Leavitt, this Court should

consider certain factors such as whether Debtor misrepresented

facts in his petition, whether Debtor is unfairly manipulating the

Bankruptcy Code, whether Debtor filed this bankruptcy petition in

an inequitable manner, Debtor's history of filings and dismissals,

whether this bankruptcy case was intended only to defeat state

court litigation, and whether there has been any egregious

behavior. Here this is Debtor's sixth bankruptcy case in the past

five years. All but one of the six cases were skeletal filings.

Debtor has also applied to pay all of his filing fees in

installments. Of these six cases, five were dismissed prior to

confirmation and the sixth is the current case pending; not one has

been confirmed. This is also the second case filed by Debtor

within the past few months. Each bankruptcy petition listed

Debtor's residence as the Prestwick Property. However, evidence

shows that Debtor has not held any interest in this real property

since November 22, 2002. The uncontested internal investigation by

the UST indicates that Debtor's likely current address is Rancho

Cucamonga, California. See Declaration of Brian M. Martinson filed

in support of the Motion by the UST, ¶ 5.

Once the issue of bad faith is raised, Debtor has the burden to

prove his good faith. Leavitt II, 209 B.R. at 940. Debtor has

failed to meet his burden. Debtor's conduct shows a pattern of

filing a case and failing to take the necessary steps to move the

case forward. Debtor has failed to file schedules under penalty of

perjury in this case and in all prior cases. Debtor has never

appeared for a section 341(a) first meeting of creditors, so he has

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

never been examined under oath. In short, Debtor has never come close to confirming a plan in any of his six bankruptcy cases.

Furthermore, in response to the Motions, Debtor asked the Court to dismiss <u>this</u> case in his Objection, filed the day before the hearing. Debtor failed to respond on the merits. Debtor failed to appear at the hearing as well. Debtor was given the opportunity to prove his good faith multiple times and Debtor has failed to rebut the bad faith allegation. Based on the facts before the Court, cause exists under the Ninth Circuit authority of <u>Leavitt</u> to dismiss this bankruptcy case and impose a refiling bar against Debtor. Dismissal is in the best interests of Debtor's creditors and Debtor's estate. Indeed, Debtor himself requests that the case be dismissed. A refiling bar is in the interests of Debtor's creditors, especially those creditors with a security interest in the properties Debtor has repeatedly attempted to block from foreclosure.

The Motions request a five-year refiling bar asserting that a five-year bar is needed to deter Debtor from engaging in further abusive filings. Bankruptcy Code section 349 gives the bankruptcy court authority to dismiss a bankruptcy case with a bar preventing a debtor from re-filing in cases of abuse. The Court agrees with the UST and Trustee that a bar to re-filing is appropriate in this case. However, the issue of the length of the bar is a matter for the Court's discretion. See <u>Leavitt</u>, 171 F.3d at 1226.

The Court has decided that a three-year refiling bar is appropriate in this case. While Debtor may have been under the misguided impression that he could use the Bankruptcy Code in the way that he did to block foreclosures on real properties in which

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

15

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  Debtor and/or family members had an interest, this Memorandum

2  Decision disabuses Debtor of any possible misunderstanding.  This

3  Decision holds that Debtor's conduct constitutes bad faith and an

4  abuse of the Bankruptcy Code.  Three years should also be

5  sufficient for any creditors of the Debtor to take whatever actions

6  they deem appropriate pursuant to state law.

7

8                              III.

9                           CONCLUSION

10      For the reasons set forth above, this Court grants the motions

11  of both the UST and Trustee to dismiss Debtor's bankruptcy case,

12  and imposes a three-year refiling bar.  Counsel for the UST shall

13  prepare a proposed form of order, serve it upon Trustee and Debtor,

14  and submit it to the Court.

15

16  Dated:  10\16\07

17                              ARTHUR S. WEISSBRODT
                                UNITED STATES BANKRUPTCY JUDGE

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM DECISION DISMISSING
CASE WITH REFILING BAR

16

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1 Court Service List

2 David Craighead
  7871 Prestwick Circle
3 San Jose, CA 95135-2144

4 Shannon Mounger-Lum, Esq.
  Office of the U.S. Trustee
5 U.S. Federal Bldg.
  280 S 1st St. #268
6 San Jose, CA 95113-3004

7 E. Alexandra Delateur, Esq.
  Office of the Chapter 13 Trustee
8 P.O. Box 50013
  San Jose, CA 95150

9
  Devin Derham-Burk
10 P.O. Box 50013
   San Jose, CA 95150-0013

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28